UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LCW Investments, LLC, | Case No. 2:24-cv-01428-CDS-NJK |
| Plaintiff | Order Granting Defendant's Motion to Dismiss, Granting in Part Defendant's Motion to Supplement, and Denying as Moot Defendant's Motion to Stay Case |
| v. | |
| Beltway Investment Group, Inc., | |
| Defendant | [ECF Nos. 15, 16, 25, 26] |

Plaintiff LCW Investments LLC sues defendant Beltway Investment Group, Inc. seeking enforcement of a foreign judgment—specifically, a judgment by the Belize Court of Appeal—in Nevada. Compl., ECF No. 1. Beltway moves to dismiss the complaint (ECF No. 15) or, in the alternative, stay the case pending its appeal to the Caribbean Court of Justice (ECF No. 16).[1] Beltway also requests judicial notice (ECF No. 25) and moves to supplement its motion to dismiss (ECF No. 26), seeking acknowledgement of a judgment in a related case out of the U.S. District Court for the District of Maine.[2] This motion is unopposed. *See* ECF No. 27. Because I find that the decision of the Belize Court of Appeal is not a final judgment, I grant the motion to dismiss.

I.   Background

This case arises out of a broken agreement for a parcel of real estate in Belize.[3] ECF No. 1. In 2017, LCW signed an agreement with Director of Green Development Partners, Ltd. (Green) Beth Clifford. *Id.* at ¶ 6. Under the agreement, LCW would pay $788,709.00, including closing costs, to Beltway after signing. *Id.* at ¶ 7. LCW did so, but title was never conveyed to LCW. *Id.*

---

[1] *See* Opp'n, ECF No. 22; Replies, ECF Nos. 23, 24. Because the motion and the replies are identical, I refer only to ECF No. 15 and ECF No. 23, respectively.
[2] Because the filings at ECF No. 25 and ECF No. 26 are identical, I refer to ECF No. 26 when discussing Beltway's request for judicial notice and motion to supplement the motion to dismiss or, alternatively, the motion to stay.
[3] Unless otherwise noted, the court only cites to LCW's complaint (ECF No. 1) to provide context to this action, not to indicate a finding of fact.

at ¶¶ 8–10. LCW sued Clifford, Green, and Beltway in the High Court of Belize, seeking rescission of the agreement and restitution of the $788,709.00 that LCW had paid. *Id.* at ¶ 11. The High Court of Belize issued a Judgment Order awarding LCW $788,709.00 plus six percent interest per annum from August 5, 2019, against Green only, dismissing the claims against Beltway and Clifford. *Id.* at ¶ 15 (citing Belize High Court j., ECF No. 1 at 15).[4] The parties cross-appealed to the Court of Appeal of Belize, in which a unanimous three-judge panel issued a judgment order awarding LCW $788,709.00 plus six percent interest per annum from August 5, 2019, against all three defendants: Clifford, Green, and Beltway, jointly and severally. *Id.* at 16–17.[5] On July 19, 2024, Clifford and Beltway filed a Notice of Application for Leave to Appeal to the Caribbean Court of Justice seeking to have the Court of Appeal of Belize judgment set aside for improperly piercing the corporate veil. ECF No. 15-2. On July 31, 2024, LCW filed an ex parte application for appointment of an interim receiver with the High Court of Belize. *See* ECF No. 15-3. Then, on August 5, 2024, LCW filed the present action seeking recognition of the Belize judgment under NRS § 17.700, et seq. ECF No. 1.

Concurrent to this litigation, LCW filed suit against Clifford in the United States District Court for the District of Maine before Judge John A. Woodcock, Jr., raising virtually identical claims. Dist. of Me. compl., ECF No. 26-1 at 2.[6] In that case, the court dismissed LCW's complaint and declined to stay the case, reasoning that LCW had not sufficiently established that the Court of Appeal of Belize judgment was final because of the pending appeal. ECF No. 26-2 at 21–22.[7]

---

[4] I take judicial notice of this judgment order. "[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Specifically, courts may take judicial notice of foreign judgments and court documents. *See Hilton v. Guyot*, 159 US 113, 205–06 (1895).

[5] The parties debate of what exactly I may take judicial notice from this order. *See* ECF No. 22 at 3; ECF No. 23 at 5. However, there is no debate that I may take judicial notice of its existence. I do so.

[6] Beltway asks that I take judicial notice of this order. ECF No. 26. As with the filings from the courts in Belize, I take judicial notice of the existence of this lawsuit and this order in particular. However, I do not take judicial notice of the court's factual findings.

[7] For ease of reference, although the order is attached at ECF No. 26-2, I will refer to the order by its Westlaw citation: *LCW Invs. LLC v. Clifford*, 2024 WL 4993475 (D. Me. Dec. 5, 2024).

## II.	Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

III.     Discussion

Nevada's Uniform Foreign-Country Money Judgments Recognition Act ("Uniform Act") applies to foreign-country judgments that "(1) grant[ ] or den[y] recovery of a sum of money and (2) are 'conclusive and enforceable' in the country where the judgment is obtained." *GW Grundbesitz AG v. A. Invs. LLC*, 2021 WL 3878293, at *2 (D. Nev. July 28, 2021) (quoting Nev. Rev. Stat. § 17.740). "If the party seeking recognition meets its burden to establish that the Act applies, a court must recognize the foreign judgment unless a mandatory or discretionary ground for nonrecognition exists." *Id.* (citing Nev. Rev. Stat § 17.740(3); *Lathigee v. B.C. Secs. Comm'n*, 477 P.3d 352, 354 (Nev. 2020)). "A party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for nonrecognition . . . exists." Nev. Rev. Stat. § 17.750(4). Nevada courts consider "the official comments to the Uniform Act and the decisions of courts elsewhere interpreting it" as persuasive authority when "applying and construing the Uniform . . . Act." *Lathigee*, 477 P.3d at 355 (quoting Nev. Rev. Stat. § 17.810).

The parties dedicate the majority of their respective briefing to disputing what may be considered by the court when it comes to an action seeking recognition of a foreign judgment. Beltway seeks non-recognition of the foreign judgment due to what it argues are deficiencies in the Court of Appeal of Belize's analysis and would result in an outcome abhorrent to Nevada public policy. ECF No. 15 at 10–14. In the alternative, it asks for a stay pending the appeal. *Id.* at 15. In response, LCW states that Beltway's quibbles with the Court of Appeal of Belize's decision is an attempt to relitigate the issue here, which violates the *Rooker-Feldman* doctrine and contravenes the purpose of Nevada's Uniform Act. ECF No. 22 at 5. It argues that "the existence of the further appeal is not one of the statutory reasons that permits this Court to forgo the *mandatory* recognition of the Judgment." *Id.* at 6 (citing Nev. Rev. Stat. §§ 17.750(2)–(3)) (emphasis in original). Regarding the motion to stay, LCW cites to Ninth Circuit precedent "that a stay pending appeal is disfavored and that Defendant's burden to receive a stay at this stage in the proceedings is high." *Id.* at 7 (citing *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th

Cir. 2024), *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023), and *Doe v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020)).

Presented with similar arguments in LCW's case against Clifford, Judge Woodcock stated that he was "not convinced . . . from the Plaintiff's pleadings that '[t]he Court of Appeal Judgment is final and fully enforceable against Clifford in Belize notwithstanding Clifford and Beltway's notice of appeal to the Caribbean Court of Justice.'" *LCW Invs. LLC v. Clifford*, 2024 WL 4993475, at *9 (D. Me. Dec. 5, 2024) (quoting LCW's complaint). LCW made the identical argument that "the existence of the further appeal is not one of the statutory reasons that permits this Court to forgo the *mandatory* recognition of the Judgment" in the Maine case. *Id.* As Judge Woodcock explained,

> The Plaintiff is correct that a pending appeal is not a statutory reason for the Court to forgo recognition after it has first found the Uniform Act applicable. *See* 14 M.R.S. § 8804. However, by the Court's reading of the statute, a pending appeal goes not to 14 M.R.S. § 8804, but to the initial determination of whether the Uniform Act applies pursuant to 14 M.R.S. § 8803 because a pending appeal is relevant to whether the foreign-country judgment "[i]s final, conclusive and enforceable under the law of the foreign country where it was rendered." 14 M.R.S. § 8803(1)(B). In other words, if the moving party has not established that a foreign-country judgment pending appeal "[i]s final, conclusive and enforceable under the law of the foreign country where it was rendered," the Court cannot conclude that the Uniform Act is applicable to that foreign-country judgment.

*Id.* The "Applicability" provisions of Nevada's Uniform Act and Maine's Uniform Act are, for all intents and purposes, identical. *Compare* Nev. Rev. Stat. § 17.740(1) ("Except as otherwise provided in subsection 2, NRS 17.700 to 17.820, inclusive, apply to a foreign-country judgment to the extent that the judgment: (a) Grants or denies recovery of a sum of money; and (b) Under the law of the foreign country where rendered, is final, conclusive and enforceable."), *with* Me. Rev. Stat. tit. 14, § 8803(1) ("Except as otherwise provided in subsection 2, this Act applies to a foreign-country judgment to the extent that the judgment: (A) Grants or denies recovery of a sum of money; and (B) Is final, conclusive and enforceable under the law of the foreign country where it was rendered."). I adopt the reasoning of the court in the Clifford case. The

requirements of NRS § 17.740(1) mark an initial threshold that a court cannot simply sidestep for purposes of allowing a plaintiff's request for recognition of a foreign judgment to survive. Although a pending appeal does not inherently bar recognition of a foreign judgment, the decision in question must still be final, conclusive, and enforceable.

As the Judge Woodcock explained:

> This Court does not sit in Belize and is unfamiliar with that country's legal system. However, it stands to reason that the Court of Appeal Judgment is not final under the law of Belize when the Court of Appeal granted Ms. Clifford and Beltway leave to appeal to the Caribbean Court of Justice. While the judgment may become final at some point in future, namely after the Caribbean Court of Justice has issued its judgment, the Plaintiff has not pleaded sufficient facts or presented adequate evidence to allow the Court to reasonably infer the judgment is final in its present state and thus ripe for adjudication pursuant to the Uniform Act. The Plaintiff has in fact given the Court no information and cited no caselaw from Belize that would allow the Court to conclude LCW has met its burden to plausibly establish that the Court of Appeal Judgment is final in Belize, notwithstanding the appeal the Court of Appeal itself certified.

*LCW Invs. LLC*, 2024 WL 4993475, at *9. Here, LCW's only allegation in support of the Court of Appeal decision being final is an unsupported statement in its complaint that "The Court of Appeal Judgment is final and fully enforceable against Beltway in Belize notwithstanding Clifford and Beltway's notice of appeal to the Caribbean Court of Justice" ECF No. 1 at 9, 10. In its response, LCW states that the finality of the Court of Appeal decision "is no different from the enforceability of any ordinary judgment, which is enforceable notwithstanding the pendency of an appeal." ECF No. 22 at 8. In support of this proposition, it cites as an example a footnote in *Clements v. Airport Authority*, in which the Ninth Circuit stated that "the general rule is that a judgment may be treated as final for purposes of preclusion notwithstanding the fact that it may be subject to reversal on appeal[.]" 69 F.3d 321, 329 n.7 (9th Cir. 1995) (citing Restatement (Second) Judgments § 13 and comment f, § 16 and comment a). This case does not involve or rely upon preclusion principles but a specific statutory requirement regarding finality. Thus, LCW's support boils down to several conclusory statements in its complaint and an

6

inapplicable "*see, e.g.*" citation in its opposition to the pending motion. Together, these provide this court with nothing from which to glean that the decision of the Court of Appeal was final and conclusive, especially given that it appears to have certified the appeal to the Caribbean Court of Justice.[8] Because it is the plaintiff's burden to establish that the Uniform Act applies, and LCW has not done so, I grant Beltway's Rule 12(b)(6) motion to dismiss the complaint.[9]

## IV. Conclusion

IT IS HEREBY ORDERED that Beltway Investment Group, Inc.'s motion to dismiss **[ECF No. 15] is GRANTED**, therefore LCW Investments, LLC's complaint is **DISMISSED without prejudice.**

IT IS FURTHER ORDERED that Beltway's motion to stay the case **[ECF No. 16] is DENIED as moot.**

IT IS FURTHER ORDERED that Beltway's request for judicial notice **[ECF No. 25]** and motion to supplement the motion to dismiss **[ECF No. 26] are GRANTED in part.**

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: June 18, 2025

_____
Cristina D. Silva
United States District Judge

---

[8] Although neither party has provided proof of the certification of appeal, Beltway provided proof of its notice of application for leave to appeal to the Caribbean Court of Justice (ECF No. 15-2) and the parties do not dispute that an appeal is now being heard before the Caribbean Court of Justice. Thus, presumably, the Court of Appeal of Belize certified the appeal. This appears to be the same conclusion reached by Judge Woodcock. *See LCW Invs. LLC*, 2024 WL 4993475, at *9 (D. Me. Dec. 5, 2024) ("the appeal the Court of Appeal itself certified").

[9] It appears that in the district of Maine litigation, LCW sought, in the alternative, that the court grant a stay "pending the Caribbean Court of Justice's decision which would, undeniably, constitute a final judgment . . . ." *LCW Invs., LLC*, 2024 WL 4993475, at *10. The court weighed whether to grant a stay or dismiss the case, ultimately determining that dismissal was warranted. *Id.* at *10–11. Here, however, LCW argues explicitly that a stay should *not* be granted. ECF No. 22 at 7, 9 (requesting that the court "deny the motion to stay").